[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-2238

 UNITED STATES,

 Appellee,

 v.

 KELLY JANE RANKIN, A/K/A KELLY JANE JORDAN RANKIN,
 A/K/A JORDAN RANKIN-WOLFF,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. Perez-Gimenez, U.S. District Judge]

 

 Before

 Boudin, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 

Alexander Zeno on brief for appellant.
Guillermo Gil, United States Attorney, Timothy L. Faerber, Assistant
United States Attorney, and Jose A. Quiles, Senior Litigation Counsel,
on brief for appellee.

 

 March 17, 1998
 

 Per Curiam. Defendant Kelly Jane Rankin pleaded
guilty to charges that she and her codefendants conspired to
use the mails and wires to engage in a scheme to defraud
various persons by telling them that money they handed over to
the defendants would be invested in such a way as to produce
high returns; instead, the defendants kept the money for
themselves. Defendant now argues that her guilty plea should
be set aside and that her attorney provided ineffective
assistance of counsel. We reject the first argument on the
merits and find that the second claim must be raised in a
motion under 28 U.S.C. 2255. 
 1. The Guilty Plea
 Defendant contends on appeal that the district court
abused its discretion in denying her motion to withdraw her
guilty plea. However, on July 28, 1997, defendant filed,
through counsel, a motion to withdraw the motion to change her
plea. The district court essentially allowed this motion when
it endorsed the motion to change the plea as "withdrawn." 
Although both parties to this appeal inexplicably fail to
mention the withdrawal of the motion to change the guilty plea,
we think it is dispositive. That is, because defendant
withdrew her motion to change her guilty plea and because the
district court therefore never ruled on the motion's merits,
the motion simply is not before this court.
 We may nonetheless review the guilty plea itself to
determine whether the plea was deficient. See United States v.
Parra-Ibanez, 936 F.2d 588, 593-94 (1st Cir. 1991). 
Defendant's first contention is that her plea was not voluntary
and knowing because the district court never sufficiently
informed her of the nature of the charges against her. SeeFed. R. Crim. P. 11(c)(1). Specifically, defendant contends
that the lower court never told her that to be found guilty on
the conspiracy count, the government would need to prove that
she intended to join the conspiracy, something, defendant
avers, that she always has denied. We see no merit to this
contention.
 Here, count one of the indictment charged that
defendants "knowingly, willfully, unlawfully, and intentionallycombine[d], conspire[d] . . . and agree[d] together and with
each other" to devise a scheme to obtain money by means of
false pretenses. Third Superseding Indictment, Count One
(emphasis added). At the change of plea hearing, the judge
quoted count one in its entirety and defendant confirmed that
this was what she was pleading guilty to. Transcript of Change
of Plea Hearing, at 5, 11-16. This is sufficient under
Henderson v. Morgan, 426 U.S. 637 (1976). See Marshall v.
Lonberger, 459 U.S. 422, 437-38 (1983) (relying on the trial
judge's recitation of part of the indictment as a factor in
concluding that defendant had received adequate notice of the
charges against him).
 Defendant's other argument regarding the charges --
that she never was told about the full extent of the conspiracy
(defrauding persons of approximately $1,900,000) and never was
informed that under the sentencing guidelines, she could be
ordered to pay as much as $1,900,000 in restitution -- also
fails. First, defendant has not been prejudiced because no
restitution has been ordered. In any event, the district court
judge specifically informed defendant that she could be fined
as much as $3,500,000. Transcript of Change of Plea Hearing,
at 8-10. Thus, any error was harmless. See United States v.
Raineri, 42 F.3d 36, 42 (1st Cir. 1994) (where a defendant is
required to pay restitution in an amount less than the
potential fine of which he was warned, the failure to inform
the defendant at the change of plea hearing that restitution is
a possibility is harmless error).
 Defendant next contends that the district court
failed to comply with Rule 11(f) because it did not ensure that
there was a factual basis for the guilty plea. However, a
review of the change of plea hearing reveals that the
prosecutor set out the evidence it would prove if the case went
to trial, including specific acts of fraud in which defendant
had engaged and evidence concerning her knowledge of the
fraudulent scheme. See Transcript of Change of Plea Hearing,
at 20-25. Courts have held that the prosecutor's statement of
facts on the record can satisfy the requirement of a factual
basis for the plea. See, e.g., United States v. Ray, 828 F.2d
399, 405-06 (7th Cir. 1987).
 Relying on United States v. Parra-Ibanez, supra, 936
F.2d 588, defendant also argues that once the district court
judge learned that she was taking Phenergan with codeine, he
should have conducted a "further inquiry" into her ability to
comprehend what was transpiring at the change of plea hearing. 
In support of this contention, defendant submits an excerpt
from the Physicians' Desk Reference (PDR) concerning Phenergan
with codeine. The PDR states that this drug "may cause marked
drowsiness or impair the mental and/or physical abilities
required for the performance of potentially hazardous tasks,
such as driving a vehicle or operating machinery." The PDR
also states that promethazine, the active ingredient in
Phenergan, can cause "[s]edation, sleepiness [and] dizziness;
rarely confusion [and] disorientation."
 However, unlike the district court judge in Parra-
Ibanez, the judge here did ask defendant what effect the
medicine had on her mental processes. She responded that she
was "fairly coherent." Transcript of Change of Plea Hearing,
at 5. From this answer, the district court judge was justified
in concluding that she was coherent enough to proceed. SeeWebster's Ninth New Collegiate Dictionary 445 (1985) (defining
"fairly" as "to a full degree or extent" or "for the most
part").
 Further, after hearing that she was fairly coherent,
the judge then asked defendant what she was doing at the
hearing. Transcript of Change of Plea Hearing, at 5. 
Defendant answered that she was pleading guilty. Id. This
kind of open-ended question is an additional way to test a
defendant's mental alertness. Finally, the information in the
PDR suggests that while sedation can occur with the drug
defendant was using, confusion "rarely" occurs and a person's
mental abilities might be compromised only to the extent of
having difficulty operating hazardous machinery. The PDR does
not warn that a person's abilities to comprehend and reason may
be affected by codeine and promethazine.
 Defendant's final objection to the plea hearing is
without merit. Specifically, she points out that most of the
judge's questions were leading; that is, she was required to
give only "yes" or "no" answers to the questions. However,
defendant fails to specify any particular point of confusion or
error. Further, the charges were not complex and, as we
indicated above, defendant had the capacity to understand what
was transpiring at the plea hearing. Thus, this case is
controlled by United States v. Isom, 85 F.3d 831 (1st Cir.
1996), and the use of leading questions was proper.

 2. Ineffective Assistance of Counsel.
 Defendant also argues that her guilty plea should be
vacated due to the ineffective assistance of her trial
attorney. However, unlike the question of the validity of the
guilty plea itself, which could be resolved on the basis of the
district court record, resolution of this issue requires
further factual development. Thus, a collateral proceeding
under 28 U.S.C. 2255 is the proper forum for this claim. SeeUnited States v. Marrero-Rivera, 124 F.3d 342, 353 (1st Cir.
1997) (a claim of ineffective assistance of counsel should be
brought in a 2255 motion if the record is insufficiently
developed for direct review).
 The judgment of the district court is summarilyaffirmed. See Local Rule 27.1.